**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1370
_____

DANIEL GEORGE BROWN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-992-221)
Immigration Judge:  Honorable Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 13, 2019

Before:  MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 27, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Daniel George Brown, proceeding pro se, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his removal proceedings. For the reasons that follow, we will dismiss the petition for review in part and deny it in part.

I.

Brown is a native and citizen of Jamaica who entered the United States on September 23, 1992, as a non-immigrant with authorization to remain for six months. Brown overstayed and was subsequently convicted on April 24, 1995, and June 23, 1995, for possession of and intent to deliver/distribute a controlled substance in violation of 35 Pa. Cons. Stat. § 780-113(a)(16) and (30). On February 12, 1997, Brown was charged as removable under former INA § 241(a)(1)(B) as an overstay, and under former INA §§ 241(a)(2)(A)(iii) and (B)(i) on account of his drug convictions. The Immigration Judge ("IJ") sustained all charges of removability and ordered Brown removed on March 18, 1997. Brown declined to apply for relief from deportation and waived his right to an appeal to the BIA. Brown was deported in 1997 and again in 2005 after an illegal reentry. See United States v. Brown, E.D. Pa. Crim. No. 16-cr-00234 (recounting history); Brown v. INS, E.D. Pa. Civ. No. 02-cv-04600 (same).

In July 2016, nearly twenty years later, Brown filed a letter with the Immigration Court requesting that his case be reopened. The IJ treated Brown's letter as a motion to reopen proceedings, and denied it. The IJ concluded that Brown's motion was untimely

2

filed pursuant to 8 C.F.R. § 1003.23(b)(1). The IJ further found, inter alia, that Brown's motion failed to state any new facts that might be proven at a hearing, was not supported by any evidentiary materials as required by 8 C.F.R. § 1003.23(b)(3), and failed to establish prima facie eligibility for relief. Brown sought review, but the BIA dismissed his appeal in a decision issued on March 3, 2017, and reissued on August 15, 2017.

The BIA affirmed the denial of Brown's reopen motion for the reasons stated by the IJ. In particular, it agreed that the motion was untimely. The BIA noted that Brown had submitted additional evidence along with an application for cancellation of removal under INA § 240A(b). The BIA concluded, however, that reopening was not appropriate because Brown was ineligible for cancellation of removal given his conviction for an offense under INA § 237(a)(2), specifically, possession of a controlled substance with intent to deliver.[1] See A. R. at 4 (citing INA § 240A(b)(1)(C)). The BIA also concluded that Brown did not present an argument warranting the sua sponte reopening of his proceedings, and that his reliance on Moncrieffe v. Holder, 569 U.S. 184 (2013), was misplaced. Id. at 5 (citing In re G-D-, 22 I. & N. Dec. 1132 (BIA 1999)). Finally, the BIA determined that the current divisibility analysis of the Pennsylvania statute under which Brown was convicted would have no effect on his deportability and ineligibility for cancellation of removal in any event.

---

[1] The Administrative Record ("A. R.") has been filed on the docket in a related proceeding at C.A. No. 17-2656.

Brown now seeks review of the BIA's decision.

II.

As an initial matter, we note that the petition for review pertains to the BIA's reissued August 15, 2017 decision only. To the extent that Brown's arguments concern the underlying March 1997 Order of the IJ, we lack jurisdiction to review those contentions.[2] As we recently noted in Brown's appeal challenging the District Court's denial of his motion to dismiss the indictment concerning his latest illegal re-entry charge, Brown "failed to exhaust his administrative remedies and forfeited his opportunity to challenge the validity of the removal order." Id.; see also 8 U.S.C. § 1252(d)(1). Moreover, because Brown is removable for having been convicted of an aggravated felony or a controlled substance offense, we retain jurisdiction only to review colorable constitutional claims and questions of law. See 8 U.S.C. §§ 1252(a)(2)(C), (D); Leslie v. Att'y Gen., 611 F.3d 171, 174 (3d Cir. 2010). "To determine whether a claim is colorable, we ask whether 'it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.'" Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 513 n.10 (2006)). We find no merit to any of Brown's claims.

---

[2] It is noted that those same contentions have been previously rejected by this Court. See United States v. Brown, No. 17-3239, 2018 WL 6305835, *2 (3d Cir. Dec. 3, 2018).

The BIA denied Brown's motion to reopen because it was untimely and because he failed to establish grounds for sua sponte reopening. This Court reviews the denial of a motion to reopen for abuse of discretion. See Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, the Court may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002) (citation omitted). An alien generally may file only one motion to reopen, and must file the motion "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although there is an exception to the time and number requirements for motions that seek to apply for asylum relying on evidence of changed circumstances arising in the country of nationality, see 8 U.S.C. § 1229a(c)(7)(C)(ii), Brown has never sought asylum. His reopen motion filed nearly two decades after his removal order was issued was clearly untimely.

As the Government asserts, we generally lack jurisdiction to review the BIA's discretionary decision denying sua sponte reopening. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). We may, however, consider whether the BIA's decision "is based on a false legal premise." Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). To the extent that Brown's merits brief could be liberally construed as raising such a claim, we conclude that this claim is meritless. The BIA did not err in stating that, even aside from any divisibility analysis with respect to his deportability under former INA § 241(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), Brown remained deportable under

5

former INA § 241(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation, and ineligible for cancellation of removal under § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C). For the reasons comprehensively explained in the Government's brief at pages 22 – 26, Brown's convictions under 35 Pa. Cons. Stat. § 780-113(a)(16) are controlled substance offenses, and at least one of the convictions does not involve possession of marijuana for Brown's personal use, and thus rendered him removable. As the BIA determined, that conviction likewise rendered him ineligible for cancellation of removal. Accordingly, the BIA's decision not to exercise its sua sponte discretion was not based on an error of law, and we otherwise lack jurisdiction to review the reasoning behind its refusal to reopen Brown's removal proceedings.[3] See Pllumi, 642 F.3d at 160.

We therefore will dismiss the petition for review in part and deny it in part.

---

[3] To the extent we have jurisdiction to review Brown's remaining arguments, they are meritless.